IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## GREGORY RYAN WEBB v. STATE OF TENNESSEE

**Criminal Court for Cumberland County**
**No. CR-22-130**

_____

**No. E2026-00261-CCA-R10-PC**

_____

**ORDER**

The Petitioner, Gregory Ryan Webb, has filed a Motion for Appointment of Counsel. The Petitioner alleges that he "does not have the financial means to retain private counsel in this appeal." He, therefore, requests "that this Court enter an Extraordinary Attorney to represent [him] Pursuant to Tennessee Rules of Appellate Procedure, Rule 10, Requesting Application for Extraordinary Appeal that requires urgency." The Petitioner further states that he is "additionally requesting an Attorney who will not allow political influence, blackmail, and 'other,' to interfere with effective assistance of counsel." Because the Petitioner cited to Rule 10 in his pleading, the appellate court clerk has entered this pleading as an application for an extraordinary appeal. Tenn. R. App. P. 10. Following our review, we deny the requested relief.

### *PROCEDURAL BACKGROUND*

The Petitioner was convicted of one count of domestic assault and sentenced to serve eleven months, twenty-nine days in the county jail at seventy-five percent service. On direct appeal, this court affirmed the trial court's judgment, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. *State v. Webb*, No. E2023-00464-CCA-R3-CD, 2023 WL 8233126 (Tenn. Crim. App. Nov. 28, 2023), *perm. app. denied* (Tenn. Feb. 13, 2024). As noted by the federal district court adjudicating the Petitioner's first federal habeas corpus petition, the "Petitioner did not file a post-conviction petition in state court following the denial of his direct appeal." *Webb v. State of Tennessee*, No. 2:24-cv-00040, 2024 WL 3870294, at *1 (M.D. Tenn., Aug. 19, 2024).

*APPLICABLE LAW*

An extraordinary appeal may be sought from an interlocutory order pursuant to Rule 10 of the Rules of Appellate Procedure "on application and in the discretion of the appellate court alone . . .(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules." Tenn. R. App. P. 10(a). The application for an extraordinary appeal "*shall* be accompanied by copies of any order or opinion or parts of the record necessary for determination of the application." Tenn. R. App. P. 10(c) (emphasis added).

*ANALYSIS*

The pleading before this court contains no information informing this court of the nature of any pending state trial court proceedings in which the appointment of counsel is required. Likewise, the Petitioner has not attached to his pleading any trial court order or part of the record from which this court could ascertain whether extraordinary review is warranted. Tenn. R. App. P. 10(c). The trial court clerk has provided to this court the trial court's September 17, 2025 preliminary order determining the Petitioner to be indigent and appointing counsel for litigation of a petition for post-conviction relief. To the extent that the order does provide some insight into the nature of the trial court proceedings, the trial court clerk's providing the court with this information does not obviate the strict pleading requirements of Rule 10. Further, the preliminary order does not represent an extraordinary departure "from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a).

**CONCLUSION**

Accordingly, we conclude that the Petitioner's pleading—if construed as an application for extraordinary appeal—is insufficient for this court's determination and is, therefore, DENIED. If construed as a motion for the appointment of counsel filed directly to this court, the pleading is both inapt and moot. Because the Petitioner has been determined to be indigent, the costs of this proceeding are taxed to the State of Tennessee.

JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE KYLE A. HIXSON
JUDGE STEVEN W. SWORD